UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA GARCIA,
    Plaintiff,
-vs.-                                    **DEMAND FOR JURY TRIAL**

WELTMAN WEINBERG & REIS CO OF MICHIGAN,
a Michigan corporation and
CREDIT ACCEPTANCE CORPORATION,
a Michigan corporation,
    Defendants.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Laura Garcia, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendants to this lawsuit are:

a. Weltman Weinberg and Reis Co of Michigan ("Weltman") which is a Michigan company that maintains registered offices in Oakland County; and

b. Credit Acceptance Corporation ("CAC") which is a Michigan company that maintains registered offices in Oakland County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant Weltman, Weinberg, & Reis is attempting to collect a consumer type debt allegedly owed by Plaintiff to Credit Acceptance, a car finance company, in the amount of $5,442.95.

7. On or about April 12, 2007, Credit Acceptance, being represented by Weltman, Weinberg & Reis, sued Plaintiff for the debt owed to Defendant Credit Acceptance and was awarded a judgment in the 33rd District Court.

8. Sometime in April, 2007, Weltman on behalf of Credit Acceptance filed a periodic garnishment against Plaintiff for her wages.

9. On or about August 13, 2009, Weltman filed a tax garnishment against Plaintiff, garnishing her State of Michigan tax refund.

10. On or about February 8, 2010, Weltman filed non periodic garnishments on both JP Morgan Chase and Dort Federal Credit Union.

11. On or about August 17, 2012, Weltman filed a second tax garnishment against Plaintiff. Plaintiff objected to that tax garnishment the state court found the Plaintiff's objection to be without merit.  Nevertheless, on or about September 28, 2012, the state court entered an Order Regarding Installment Payments. This Order required the Plaintiff to pay $100.00 starting on November 1, 2012 and by the first of each month until the debt was paid in full or until further order of the court. This Order also suspended all other garnishments then in effect.

12. Plaintiff mailed Weltman a check for $100.00 before November 1, 2012. This check was made payable to Credit Acceptance but sent to Weltman.

13. On or about November 7, 2012, an Order for Substitution of Attorney was entered in the state court naming Weber & Olcese, PLC as new counsel for Credit Acceptance.

14. Due to this Order for Substitution, Plaintiff mailed a check to Weber & Olcese for $100.00 around November 31, 2012 for her December payment. This check was made payable to Credit Acceptance but sent to Weber & Olcese as the new counsel for Credit Acceptance.

15. On or about December 12, 2012, Plaintiff received a letter from Weber & Olcese returning Plaintiff's check for $100.00.  The letter stated, "Please be advised that our records show the above file is returned to our client. Consequently, we would ask you to please discontinue any further payments to us in this matter. I thank you for your anticipated cooperation and should you have any questions, please contact Weltman, Weinberg & Reis."

16. Right after Plaintiff received this letter from Weber & Olcese, Plaintiff called Weltman for further direction as to where to send her check. Weltman told Plaintiff that it no longer had her file and directed her to call Defendant Credit Acceptance.

17. Plaintiff immediately called Credit Acceptance. The Credit Acceptance representative told Plaintiff that it did not know to whom she should send the payments or to what firm her case was reassigned. Credit Acceptance's representative, named Evelyn, told her that she couldn't help her.

18. Since nobody could tell Plaintiff where she should be sending her money, Plaintiff stopped making payments on this alleged debt.

19. On or about September 17, 2013, Plaintiff received a tax garnishment from Defendant, Weltman that was issued on August 8, 2013 in the amount of $5,393.78.

20. On or about September 17, 2013, right after Plaintiff received the tax garnishment, Plaintiff called Weltman and told Plaintiff that it wanted her to bring the account current and pay $1,000. Plaintiff asked why a tax garnishment was ordered and Defendant's representative just told Plaintiff that she needed to bring the account current and pay $1,000.00.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT - WELTMAN

21. Plaintiff reincorporates the preceding allegations by reference.

22. At all relevant times Weltman, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

24. Weltman is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

25. Weltman foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq as follows;

    a. 15 USC 1692e by failing to disclose that it had returned as counsel for CAC and that Plaintiff should tender her checks to it, once again.  By doing so, Weltman deceived the Plaintiff as to its standing in this case to receive her payments, causing the Plaintiff to default on her state court ordered payment plan;

    b.  15 USC 1692f by coming back into the state court matter, knowing that Plaintiff did not know where to send her payments and then defaulting her on her court ordered payment plan.  This is was completely unfair and unconscionable.

26. As a direct and proximate cause of Weltman's violation of the FDCPA, the Plaintiff has suffered economic, emotional, general, actual and statutory.

### COUNT II - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT – BOTH DEFENDANTS

27. Plaintiff incorporates the preceding allegations by reference.

28.  Each Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Each Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252e which states:

> (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

31. Both Defendants knew that Plaintiff was ready, willing and desirous to settle this matter pursuant to the state court ordered payment schedule. Yet, CAC misinformed the Plaintiff that it did not know to which firm she should make her payments, causing Plaintiff to default on her court ordered payment plan.

32. Weltman, upon information and belief, obtained CAC's collector notes and had actual, if not constructive notice, of CAC's conversation with the Plaintiff wherein CAC informed the Plaintiff that it did not know where she should send her payments.

33. Weltman either negligently or deliberately misled the Plaintiff into repeatedly failing to make her monthly payments causing her to default on her court ordered settlement agreement.

34. Each Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252f which states:

   (f) Misrepresenting in a communication with a debtor 1 or more of the following:

   (i)  The legal status of a legal action being taken or threatened.
   (ii)  The legal rights of the creditor or debtor.
   (iii)  That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.
   (iv)  That accounts have been turned over to innocent purchasers for value.

35. Both Defendants knew that the Plaintiff was awarded a court ordered payment plan and yet both of them, through their action and/or inactions, caused the Plaintiff to default on that payment plan, resulting in a state court garnishment of State of Michigan income tax refund.

36. Plaintiff has suffered damages as a result of each defendant's these violations of the MCPA.

37. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

October 16, 2013

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
Email – gary@micreditlawyer.com